1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LHF PRODUCTIONS INC.,

Plaintiff,

v.

DOE-72.197.9.201,

Defendant.

Case No.:  16-CV-2136-AJB (WVG)

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

**[ECF No. 3]**

Plaintiff LHF Productions Inc. ("Plaintiff"), which claims to hold the copyright on the movie *London Has Fallen*, Compl. ¶ 5, ECF No. 1, moves *ex parte* for an order permitting it to conduct discovery prior to the Rule 26(f) conference and serve a subpoena on Cox Communications to ascertain the identity of an unknown individual who allegedly has infringed its copyright by copying and distributing the movie over the internet. For the reasons that follow, and on the terms specified in this order, the Court grants the motion.

Plaintiff filed this lawsuit on August 24, 2016 asserting a single claim of copyright infringement under 17 U.S.C. § 101 *et seq.* The instant motion was filed later that day. No defendant has been served. In the complaint, Plaintiff alleges that between June 19, 2016 and July 25, 2016 the Doe defendant used the peer-to-peer BitTorrent distribution network to copy and distribute the work over the internet without Plaintiff's authorization. *Id.* ¶ 11,

34. Data provided by an investigator identifies the Internet Protocol ("IP") address associated with the infringing activity as 72.197.9.201 and San Diego as the location of the infringing activity. Declaration of James S. Davis ("Davis Decl.") ¶ 9, ECF No. 3-3. Plaintiff's attorney has verified the location and the ISP provider by "personally enter[ing] [the IP address] into 3 separate websites that contain a function for determining the location of an IP Address." *Id.* ¶¶ 8-10. These websites are www.iplocation.net, www.ipfingerprints.com, and www.ip-addresss.org." *Id.* ¶ 8. According to counsel, the geolocation trackers used operate "to a reasonable degree of certainty." *Id.* ¶ 9. The geolaction trackers identify Cox Communications as the Internet Service Provider ("ISP") associated with that IP address. *Id.* ¶ 10.

A party ordinarily may not seek discovery from any source prior to the Rule 26(f) conference. Fed. R. Civ. Proc. 26(d)(1). The court, however, may order expedited discovery, *id.*, and courts within this circuit enter such orders on a showing of good cause, *see Semitol, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Cobbler Nevada, LLC v. Doe-68.8.213.203*, 2015 WL 9026554, at *1 (S.D. Cal. Dec. 15, 2015). One situation in which early discovery may be necessary are cases in which the defendant's identity cannot be determined at the time the action is commenced. The Ninth Circuit has held that "[i]n such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Courts accordingly have required a party to meet four requirements before granting leave to use expedited discovery to uncover the identity of an unknown defendant: (1) The party must "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court;" (2) the party must demonstrate that it has made good faith attempts to identify and serve the defendant; (3) the party must show that the lawsuit could withstand a motion to dismiss; and (4) the party must show that the discovery is reasonably likely to lead to identifying information that will permit service

of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *Dallas Buyers Club LLC v. Doe-73.202.228.252*, 2016 WL 1138960, at *3 (N.D. Cal. March 23, 2016); *Uber Technologies, Inc. v. Doe*, 2015 WL 4451372, at *3 (N.D. Cal. July 20, 2015). Plaintiff has met each of these requirements.

The plaintiff must first identify the missing defendant with sufficient specificity so that the court can determine whether the defendant is a real person or entity who can be sued in federal court. "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *Dallas Buyers Club, LLC v. Doe-68.101.166.122*, 2016 WL 2343912, at *2 (S.D. Cal. May 4, 2016). Here, Plaintiff has identified the unique IP address associated with the allegedly infringing conduct and the dates of the infringing conduct. Compl. ¶ 11. Plaintiff has also used "well accepted geolocation technology" to trace the IP address to this judicial district, *id.* ¶ 13,[1] and has taken measures to verify this data, Davis Decl. ¶¶ 8-9. Plaintiff has therefore provided the Court with sufficient basis to conclude that the defendant is a real person or entity who may be sued in federal court.

The plaintiff must also demonstrate that it has made good faith efforts to identify and serve the defendant. Plaintiff has explained the steps that it has taken to uncover the IP address allegedly used to infringe its copyright and has also asserted that the requested discovery is the only means available to it of obtaining information that may lead to the identification of the Doe defendant. *Id.* ¶¶ 5-10. Although not discussed in Plaintiff's moving papers, the Court notes that the Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior consent of the subscriber unless the disclosure is made pursuant to a court

---

[1] By signing the complaint, counsel for LHF has represented that the factual contentions therein, including LHF's use of geolocation technology to link the IP address to this district, "have evidentiary support." Fed. R. Civ. Proc. 11(b)(2).

order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c); *see QOTD Film Invest. Ltd. v. Doe-72.220.214.236*, 2016 WL 1324424, at *4 (S.D. Cal. April 5, 2016). Plaintiff accordingly is unlikely to be able to obtain the information it seeks without assistance from the Court.

Plaintiff is also required to show that the complaint could survive a motion to dismiss. Plaintiff's complaint in this case asserts a single claim of direct copyright infringement. To establish a prima facie case, Plaintiff must demonstrate (1) ownership of a valid copyright, and (2) that Defendant violated the copyright owner's exclusive rights under the Copyright Act. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)). Plaintiff purports to hold rights to the copyrighted work at issue, Compl. ¶ 5, and alleges that between June 19, 2016 and July 25, 2016, an individual or entity using IP address 72.197.9.201 infringed its copyright by copying and distributing the work over the internet without its permission or consent, *id.* ¶¶ 4, 11, 34. The Court therefore finds that Plaintiff has alleged the prima facie elements of direct copyright infringement. Further, by alleging that the defendant is believed to reside and to have committed the infringing acts in this district, *id.* ¶¶ 3, 14, Plaintiff has made a plausible showing that this Court may establish personal jurisdiction and that venue is proper. The Court finds that Plaintiff would likely survive a motion to dismiss.

Finally, Plaintiff must show that the discovery sought is reasonably likely to lead to information that will permit Plaintiff to identify and serve the John Doe defendant. Plaintiff requests permission to use a Rule 45 subpoena to ascertain the identity of the subscriber associated with IP address 72.197.9.201 during the period of the allegedly infringing conduct. Plaintiff contends that the "consistency of observed activity … indicates that the defendant is an identifiable and singular person and likely the primary subscriber of the IP address or someone who resides with the subscriber and is known to the subscriber, as a such activity indicates the defendant is an authorized user of the IP address with consistent and permissive access." Compl. ¶ 19. Plaintiff has shown that the discovery sought is reasonably likely to lead to the missing defendant.

16-CV-2136-AJB (WVG)

**CONCLUSION**

Finding good cause, the Court grants Plaintiff's motion for expedited discovery and orders that:

a. Plaintiff may serve a Rule 45 subpoena on Cox Communications seeking only the true name and address of the subscriber associated with the IP address 72.197.9.201 during the time period of the allegedly infringing conduct described in Plaintiff's complaint.

b. Plaintiff may not use information disclosed in response to the subpoena for any purpose other than the protection of its rights in this litigation.

c. Within fourteen calendar days after service of the subpoena, Cox Communications shall notify the subscriber that its identifying information has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty calendar days from the date of such notice to challenge the disclosure of its information.

d. If Cox Communications wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five days between service and production. If a motion to quash or other customer challenge is brought, Cox Communications shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

e. Plaintiff shall serve a copy of this order on Cox Communications along with its subpoena. Cox Communications, in turn, must provide a copy of this order along with the required notice to the subscriber whose identity is sought.

f. Plaintiff shall redact and omit from all future filings all information that identifies the subscriber personally, to include the subscriber's name and address, unless and until the subscriber becomes a defendant in the above captioned lawsuit. Plaintiff shall refer to the subscriber generally in any fillings and attach a separate exhibit that includes the subscriber's identifying

16-CV-2136-AJB (WVG)

information. Any attached exhibit containing the personal identification of the subscriber shall be filed under seal.

**IT IS SO ORDERED.**

Dated:  September 15, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge

16-CV-2136-AJB (WVG)